IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA



FILED

JUN 26 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. *19-202* |
| JACK ULRICH, JR. | **[UNDER SEAL]** |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>On or about October 12, 2018 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. ELEMENTS OF THE OFFENSE

### A. As to Count 1:

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B).

2.      That the item which contained the visual depiction had been mailed, transported or shipped in interstate or foreign commerce, or had been produced using materials which had been mailed, transported, or shipped in interstate or foreign commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3.      That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A. As to Count 1:  Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

1.      Imprisonment of not more than 10 years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Section 1591, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not fewer than 10 years, nor more than 20 years;

2.      A fine of $250,000.00, 18 U.S.C. § 3571(b)(3);

3.      A term of supervised release of up to life, 18 U.S.C. § 3583(k);

4.      Any or all of the above.

2

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at Count One upon the defendant's conviction, pursuant to 18 U.S.C. § 3013.

With respect to Count One of the Indictment, an additional special assessment of $5,000.00 must be imposed as the offense was committed after May 29, 2015, and the offense is located within Chapters 110 and 117 of Title 18, United States Code.  18 U.S.C. § 3014(a).

## V.  RESTITUTION

Restitution may be ordered in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 2259.

## VI.  FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430